Kenneth B. Black (5588)
kblack@stoel.com
Timothy K. Conde (10118)
tkconde@stoel.com
STOEL RIVES LLP
201 S Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone:  (801) 328-3131
Facsimile:  (801) 578-6999

Jerry Riedinger (admitted *pro hac vice*)
jriedinger@perkinscoie.com
Ryan McBrayer (admitted *pro hac vice*)
rmcbrayer@perkinscoie.com
Kevin A. Zeck (admitted *pro hac vice*)
kzeck@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Attorneys for Defendant and Counterclaim Plaintiff
Fitness Equipment Services, LLC d/b/a Sole Fitness

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH**

| | |
|---|---|
| ICON HEALTH AND FITNESS, INC.,<br><br>              Plaintiff,<br><br>   v.<br><br>FITNESS EQUIPMENT SERVICES, LLC d/b/a SOLE FITNESS; AND SPIRIT MANUFACTURING, INC.,<br><br>              Defendants. | **FITNESS EQUIPMENT SERVICES, LLC'S ANSWER AND COUNTERCLAIMS**<br><br>Case No. 2:10-cv-01264-BSJ<br><br>Honorable Judge Bruce S. Jenkins |

Defendant Fitness Equipment Services, LLC d/b/a Sole Fitness ("Sole") hereby submits this Answer and Counterclaims in response to ICON Health and Fitness, Inc.'s ("ICON") Complaint dated December 21, 2010 ("the Complaint").

**ANSWER**

**THE PARTIES**

1.      Sole admits that ICON is a Delaware Corporation with a place of business located

at 1500 South 1000 West, Logan, Utah 84321.  Sole is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 1 and therefore denies the remaining allegations.

2. Sole admits the allegations of Paragraph 2.

3. Sole admits the allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. Sole admits that ICON purports to bring this action under the patent laws of the United States, but denies any liability thereunder.  Additionally, Sole denies that this action justifies any remedies for ICON.  Sole denies any remaining allegations of Paragraph 4.

5. Sole admits that ICON purports to bring claims for unfair competition arising under Utah Code Ann. § 13-5a-101, *et seq.*, but denies any liability thereunder.  Sole denies any remaining allegations of Paragraph 5.

6. Sole admits that ICON purports to bring a claim alleging breach of contract, but denies liability thereunder.  Additionally, Sole is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6, and therefore denies the remaining allegations.

7. Sole admits the allegations of Paragraph 7.

8. Sole denies the allegations of Paragraph 8.

9. Sole admits the allegations of Paragraph 9.

10. Sole admits the allegations of Paragraph 10.

11. Sole admits the allegations of Paragraph 11.

12. Sole is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and therefore Sole denies these allegations.

13. Sole is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and therefore Sole denies these allegations.

14. Sole admits the allegations of Paragraph 14.

15. Sole is without knowledge or information sufficient to form a belief about the

truth of the allegations in Paragraph 15, and therefore Sole denies these allegations.

16. Sole is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and therefore Sole denies these allegations.

17. Sole admits the allegations of Paragraph 17 insofar as they relate to Sole.

## FACTUAL BACKGROUND

18. Sole is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and therefore Sole denies these allegations.

19. Sole is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, and therefore Sole denies these allegations.

20. Sole admits that United States Patent No. 5,772,560 ("'560 Patent") has been issued by the United States Patent Office. Sole, however, is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20, and therefore Sole denies the remaining allegations.

21. Sole is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21, and therefore Sole denies these allegations.

22. Sole denies the allegations of Paragraph 22.

23. Sole is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, and therefore Sole denies these allegations.

24. Sole admits that Section 2.01 of the License Agreement that ICON attached to the Complaint contains the language alleged in Paragraph 24. Sole, however, is without knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 24, and therefore Sole denies the remaining allegations.

25. Sole admits that the License Agreement that ICON attached to the Complaint defines "ICON's Licensed Patents" to include the '560 Patent.

26. Sole admits that Section 1.04 of the License Agreement that ICON attached to the Complaint contains the language alleged in Paragraph 26. Sole, however, is without knowledge or information sufficient to form a belief about the truth of any remaining allegations in

Paragraph 26, and therefore Sole denies the remaining allegations.

27. Sole admits that the License Agreement that ICON attached to the Complaint defines "Licensed Territory" to means "any country pertaining to ICON's or Spirit's Licensed Patents." Sole, however, is without knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 27, and therefore Sole denies the remaining allegations.

28. Sole is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28, and therefore Sole denies the remaining allegations.

29. Sole admits that Section 1.06 of the License Agreement that ICON attached to the Complaint contains the language alleged in Paragraph 29. Sole, however, is without knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 29, and therefore Sole denies the remaining allegations.

30. Sole is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and therefore Sole denies these allegations.

31. Sole admits that Section 7.07 of the License Agreement that ICON attached to the Complaint contains the language alleged in Paragraph 31. Sole, however, is without knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 31, and therefore Sole denies the remaining allegations.

32. Sole is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32, and therefore Sole denies these allegations.

33. Sole is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33, and therefore Sole denies these allegations.

34. Sole is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, and therefore Sole denies these allegations.

35. Sole admits that Sole sells the alleged models of treadmills in the United States. Sole denies any remaining allegations of Paragraph 35.

36. Sole denies the allegations of Paragraph 36.

37. Sole is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and therefore Sole denies these allegations.

38. Sole is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and therefore Sole denies these allegations.

39. Sole denies the allegations of Paragraph 39.

40. Sole is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40, and therefore Sole denies these allegations.

41. Sole denies the allegations of Paragraph 41.

42. Sole denies the allegations of Paragraph 42.

43. Sole is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43, and therefore Sole denies these allegations.

44. Sole admits that Spirit sells treadmills in the United States.  Sole, however, is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44, and therefore Sole denies these allegations.

45. Sole is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45, and therefore Sole denies these allegations.

## FIRST CAUSE OF ACTION
### (Patent Infringement of the '560 Patent Against Sole)

46. Sole admits that ICON realleges and incorporates the foregoing paragraphs "as though fully set forth herein." Sole incorporates by reference its answers to Paragraphs 1-45 *supra*.

47. Sole denies the allegations of Paragraph 47.

48. Sole denies the allegations of Paragraph 48.

49. Sole denies the allegations of Paragraph 49.

50. Sole denies the allegations of Paragraph 50.

51. Sole denies the allegations of Paragraph 51.

70191-0007/LEGAL20446256.4

## SECOND CAUSE OF ACTION
### (Unfair Competition Against Sole)

52. Sole admits that ICON realleges and incorporates the foregoing paragraphs "as though fully set forth herein." Sole incorporates by reference its answers to Paragraphs 1-51 *supra*.

53. Sole denies the allegations of Paragraph 53.

54. Sole denies the allegations of Paragraph 54.

55. Sole denies the allegations of Paragraph 55.

56. Sole denies the allegations of Paragraph 56.

## THIRD CAUSE OF ACTION
### (Breach of Contract Against Spirit)

57. Sole admits that ICON realleges and incorporates the foregoing paragraphs "as though fully set forth herein." Sole incorporates by reference its answers to Paragraphs 1-56 *supra*.

58. Sole denies the allegations of Paragraph 58.

59. Sole denies the allegations of Paragraph 59.

60. Sole denies the allegations of Paragraph 60.

61. Sole denies the allegations of Paragraph 61.

62. Sole denies the allegations of Paragraph 62.

63. Sole denies the allegations of Paragraph 63.

## FOURTH CAUSE OF ACTION
### (Alternative Claim of Patent Infringement of the '560 Patent Against Spirit)

64. Sole admits that ICON realleges and incorporates the foregoing paragraphs "as though fully set forth herein." Sole incorporates by reference its answers to Paragraphs 1-63 *supra*.

65. Sole denies the allegations of Paragraph 65.

66. Sole denies the allegations of Paragraph 66.

67. Sole denies the allegations of Paragraph 67.

68. Sole denies the allegations of Paragraph 68.

## FIFTH CAUSE OF ACTION
### (Alternative Claim of Unfair Competition Against Spirit)

69. Sole admits that ICON realleges and incorporates the foregoing paragraphs "as though fully set forth herein." Sole incorporates by reference its answers to Paragraphs 1-68 *supra*.

70. Sole denies the allegations of Paragraph 70.

71. Sole denies the allegations of Paragraph 71.

72. Sole denies the allegations of Paragraph 72.

73. Sole denies the allegations of Paragraph 73.

## DEMAND FOR JURY TRIAL

74. Sole admits that ICON demands a trial by jury on all claims and issues so triable.

75. All allegations in the Complaint not specifically admitted in Paragraphs 1-74 are denied.

## SOLE'S AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise have, as affirmative defenses to ICON's Complaint, Sole asserts:

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement of the '560 Patent)

76. Sole has not infringed and is not infringing (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '560 Patent.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity of the '560 Patent)

77. The '560 Patent, and each claim thereof, is invalid under 35 U.S.C. § 1 *et seq.*, including without limitation §§ 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Mark Patented Article Concerning Claim of Infringement of the '560 Patent)

78.  ICON's claim for relief concerning infringement of the '560 Patent is barred, in whole or in part, under 35 U.S.C. § 287(a).

### FOURTH AFFIRMATIVE DEFENSE
### (Laches Concerning Claim of Infringement of the '560 Patent)

79.  ICON's claim for relief concerning infringement of the '560 Patent is barred, in whole or in part, by the equitable doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE
### (Estoppel Concerning Claim of Infringement of the '560 Patent)

80.  ICON's claim concerning breach of contract is barred, in whole or in part, by the equitable doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief Concerning Claim of Infringement of the '560 Patent)

81.  ICON is not entitled to injunctive relief concerning its claim of infringement of the '560 Patent as it has, at a minimum, adequate remedies at law and has suffered no irreparable injury.

### SIXTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief Concerning Claim of Infringement of the '560 Patent)

82.  ICON is not entitled to injunctive relief concerning its claim of infringement of the '560 Patent as it has, at a minimum, adequate remedies at law and has suffered no irreparable injury.

### SEVENTH AFFIRMATIVE DEFENSE
### (Patent Exhaustion)

83.  To the extent that the accused products related to Sole are covered by the License Agreement between Spirit and ICON, ICON's claims are barred, in whole or in part, by the doctrine of patent exhaustion.

### EIGHTH AFFIRMATIVE DEFENSE
### (Laches Concerning Claim of Unfair Competition)

84. ICON's claim for relief concerning its claim of Unfair Competition is barred, in whole or in part, by the equitable doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE
### (Estoppel Concerning Claim of Unfair Competition)

85. ICON's claim concerning Unfair Competition is barred, in whole or in part, by the equitable doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief Concerning Claim of Unfair Competition)

86. ICON is not entitled to injunctive relief concerning its claim of Unfair Competition as it has, at a minimum, adequate remedies at law and has suffered no irreparable injury.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Statue of Limitations Concerning Claim of Unfair Competition)

87. ICON's claim concerning Unfair Competition is barred, in whole or in part, by the applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE
### (Federal Preemption Concerning Claim of Unfair Competition)

**88.** ICON's claim concerning Unfair Competition is preempted, in whole or in part, by Federal Law.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (No Constructive Trust)

**89.** ICON is not entitled to a constructive trust on, and an order requiring a full accounting of, the sales made by Sole as ICON has, at a minimum, adequate remedies at law and has suffered no irreparable injury.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

90. Sole reserves the right to assert additional defenses that may become apparent

70191-0007/LEGAL20446256.4

during discovery in this action.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff Sole, for its counterclaims against Counterclaim Defendant ICON, alleges as follows:

### THE PARTIES

91. Sole is a Utah limited liability corporation with its principal place of business located at 56 Exchange Place, Salt Lake City, Utah 84111.

92. ICON is a Delaware Corporation with its principal place of business located at 1500 South 1000 West, Logan, Utah 84321.

### JURISDICTION AND VENUE

93. ICON, by filing the Complaint, subjects itself to the jurisdiction of this Court.

94. ICON alleges that it is the owner by assignment of the '560 Patent and holds all rights and interests in that patent.

95. Under 28 U.S.C. § 1338(a), this Court has subject matter jurisdiction over the following counterclaims, brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

96. Venue for these counterclaims is proper under 28 U.S.C. §§ 1391(b),(c) and 1400(b).

### FACTUAL BACKGROUND

97. Sole is a seller of high quality fitness equipment, including treadmills.

98. ICON has alleged that it is the owner by assignment of the '560 Patent.

99. On December 21, 2010, ICON filed the Complaint, purporting to bring an action under the patent laws of the United States, alleging that Sole has infringed the '560 Patent.

100. Sole denies that it has infringed the '560 Patent.

101. Based upon the claims filed by ICON, an actual and justiciable controversy exists between Sole and ICON with respect to the non-infringement, invalidity, and unenforceability of the '560 Patent.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '560 Patent)

102. By this reference, Sole realleges and incorporates the foregoing paragraphs as though fully set forth herein.

103. Sole and its customers have not infringed and are not infringing (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '560 Patent.

104. Sole seeks a declaration that it and its customers have not infringed and are not infringing (directly, contributorily, or by inducement), literally or pursuant to the doctrine of equivalents, any valid and enforceable claim of the '560 Patent.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment of Invalidity of the '560 Patent)

105. By this reference, Sole realleges and incorporates the foregoing paragraphs as though fully set forth herein.

106. The '560 Patent, and each claim thereof, is invalid under 35 U.S.C. § 1 *et seq.*, including without limitation §§ 102, 103, and 112.

107. Sole seeks a declaration that the '560 Patent and each claim thereof is invalid under 35 U.S.C. § 1 *et seq.*, including without limitation §§ 102, 103, and 112.

## DEMAND FOR JURY TRIAL

Sole demands trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim Plaintiff Sole prays that this Court:

A. Issue a preliminary and permanent injunction prohibiting ICON and its respective officers, agents, servants, employees, and attorneys, and any and all other persons in active concert or participation with, or acting on behalf of ICON, from asserting that Sole and/or any of its current or prospective customers, dealers, agents, servants or employees infringe the '560 patent directly, contributorily, or

        by inducement;

B.    Issue a preliminary and permanent injunction prohibiting ICON and its respective officers, agents, servants, employees, and attorneys, and any and all other persons in active concert or participation with, or acting on behalf of ICON, from asserting that the '560 patent is valid;

C.    Dismiss ICON's Complaint in its entirety with prejudice with respect to Sole, with ICON taking nothing thereby;

D.    Deny all of ICON's claims against Sole;

E.    Declare that Sole has not infringed the '560 Patent;

F.    Declare that the '560 Patent is invalid;

G.    Declare this to be an exceptional case under 35 U.S.C. § 285 and award Sole its attorney's fees;

H.    Award Sole its costs of this action; and

I.    Award Sole such other and further relief as the Court deems just and proper.

70191-0007/LEGAL20446256.4

Dated: July 15, 2011

Respectfully submitted,

By: /s/ Timothy K. Conde
*Attorneys for Defendant and Counterclaim Plaintiff*
Fitness Equipment Services, LLC d/b/a Sole Fitness

Kenneth B. Black (5588)
kblack@stoel.com
Timothy K. Conde (10118)
tkconde@stoel.com
STOEL RIVES LLP
201 S Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 328-3131
Facsimile: (801) 578-6999

Jerry Riedinger (admitted *pro hac vice*)
jriedinger@perkinscoie.com
Ryan McBrayer (admitted *pro hac vice*)
rmcbrayer@perkinscoie.com
Kevin A. Zeck (admitted *pro hac vice*)
kzeck@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000